IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 22 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

ROSLYN DEMETRIUS CHAPMAN and
RASHEED ALI MUHAMMAD

CRIMINAL NO. 1:14Cr36HSO-RHW

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 802(32)
21 U.S.C. § 813

**The Grand Jury charges:**

COUNT 1

That beginning at least as early as December, 2012, until the date of the indictment, in Harrison County and elsewhere, in the Southern Division of the Southern District of Mississippi, the defendants, **ROSLYN DEMETRIUS CHAPMAN and RASHEED ALI MUHAMMAD**, with others both known and unknown to the Grand Jury, did knowingly and willfully conspire to possess with intent to distribute a detectable amount of 4-Methylethylcathinone (4-MEC), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, a detectable amount of 1-(5-Fluoropentyl)-3-(1-naphthoyl)indole (AM2201), a Schedule I controlled substance, a detectable amount of methylone, a Schedule I controlled substance, a detectable amount of a-Pyrrolidinovalerophenone (a-PVP), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, a detectable amount of 1-5(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (XLR11), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human

consumption as provided in Title 21, United States Code, Section 813, all in violation of Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

All in violation of Section 846, Title 21, United States Code.

## COUNT 2

That on about March 20, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of 1-5(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (XLR11), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

That on about March 20, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of 1-(5-Fluoropentyl)-3-(1-naphthoyl)indole (AM2201), a Schedule I controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on about March 20, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS**

**CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of a-Pyrrolidinovalerophenone (a-PVP), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 5

That on about March 21, 2013, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of 1-(5-Fluoropentyl)-3-(1-naphthoyl)indole (AM2201), a Schedule I controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 6

That on about March 21, 2013, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of 4-Methylethylcathinone (4-MEC), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 7

That on about March 21, 2013, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of a-Pyrrolidinovalerophenone (a-PVP), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 8

That on about March 21, 2013, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROSLYN DEMETRIUS CHAPMAN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of 1-5(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (XLR11), a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), with intent for human consumption as provided in Title 21, United States Code, Section 813, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.  Further, if any property described

above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 22nd day of April, 2014.

UNITED STATES MAGISTRATE JUDGE