IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 1:14cr36-HSO-RHW |
| § | |
| RASHEED ALI MUHAMMAD § | |

**ORDER DENYING THE GOVERNMENT'S [39] NOTICE OF INTENT TO OFFER GMAIL ACCOUNT RECORDS AND MOTION *IN LIMINE* TO DETERMINE AUTHENTICITY, [40] NOTICE OF INTENT TO OFFER YAHOO ACCOUNT RECORDS AND MOTION *IN LIMINE* TO CONFIRM AUTHENTICITY, AND [41] NOTICE OF INTENT TO OFFER FACEBOOK RECORDS AND MOTION *IN LIMINE* TO CONFIRM AUTHENTICITY, AND GRANTING THE GOVERNMENT'S [42] NOTICE OF INTENT TO OFFER FEDEX AND UPS RECORDS AND MOTION *IN LIMINE* TO CONFIRM AUTHENTICITY**

BEFORE THE COURT are the Government's Notice of Intent to Offer Gmail Account Records and Motion *in Limine* to Determine Authenticity [39], Notice of Intent to Offer Yahoo Account Records and Motion *in Limine* to Confirm Authenticity [40], Notice of Intent to Offer Facebook Records and Motion *in Limine* to Confirm Authenticity [41], and Notice of Intent to Offer FedEx and UPS Records and Motion *in Limine* to Confirm Authenticity [42]. Defendant Rasheed Ali Muhammad has filed a Response to the Government's Notice of Intent to Offer Gmail Account Records and Motion *in Limine* to Determine Authenticity [43],[1] and the Government has filed a Reply [51]. Having considered the Motions, the record, and relevant legal authorities, the Court is of the opinion that the Government's Notice of Intent to Offer FedEx and UPS Records and Motion *in Limine* to Confirm

---

[1] Although Defendant Rasheed Ali Muhammad's Response [43] did not specifically reference or address each of the Government's Motions [39] [40] [41] [42] individually, the Court construes Defendant's Response as applying to each Motion.

1

Authenticity [42] should be granted, but that the Government's remaining Motions [39] [40] [41] should be denied.

## I. BACKGROUND

On April 22, 2014, Defendant Rasheed Ali Muhammad ("Defendant") was charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Indictment 1-2 [3]. Defendant pleaded not guilty to this charge on July 7, 2014. Minute Entry July 7, 2014. A jury trial is currently scheduled to commence Monday, January 5, 2015. Text Only Amended Trial Order Nov. 7, 2014.

The Government has indicated its intention to offer into evidence records purportedly obtained from various email accounts, social media, and shipping companies. In particular, the Government seeks to offer into evidence records obtained from the following Gmail accounts: 1986jayjohnson@gmail.com, 2jayjohnson1986@gmail.com, daggafire75@gmail.com, and mohammed1pooser@gmail.com. Notice of Intent to Offer Gmail Account Records and Mot. *in Limine* to Determine Authenticity 2 [39]. The Government seeks to offer records obtained from a Yahoo account known as ra795@yahoo.com, Notice of Intent to Offer Yahoo Account Records and Mot. *in Limine* to Confirm Authenticity 2 [40], and Facebook account records from an account purportedly maintained by Defendant Roslyn Chapman,[2] Notice of Intent to Offer Facebook Records and Mot. *in Limine* to Confirm Authenticity 2 [41]. The Government further seeks to offer evidence in the form of shipping records obtained from Federal Express ("FedEx")

---

[2] Defendant Roslyn Chapman was indicted as a co-defendant and pleaded guilty to the conspiracy charge contained in Count 1 of the Indictment on September 2, 2014. Minute Entry Sep. 2, 2014.

2

and United Parcel Service ("UPS"). Notice of Intent to Offer FedEx and UPS Records and Mot. *in Limine* to Confirm Authenticity 2 [42]. The Government attaches to each Motion [39] [40] [41] [42] a certification of a records custodian purporting to establish the authenticity of each set of these records.

In each Motion [39] [40] [41] [42], the Government requests a pretrial ruling from the Court regarding the admissibility of the certified records "to save burdensome witness travel and expenses." *See*, *e.g.*, Notice of Intent to Offer Gmail Account Records and Mot. *in Limine* to Determine Authenticity 3 [39]. The Government appears to contend that the relevance of these records will become readily apparent once the records are authenticated. *See*, *e.g.*, *id.* at 3-4 ("If the relevance of these records is not apparent from the indictment and the offenses charged therein, the Government respectfully requests in the alternative that the certified records be admitted conditionally pursuant to Federal Rule of Evidence 104(b).") Although it seeks to offer these records into evidence, the Government states it will not seek to introduce the records custodian certifications accompanying each set of records. Supplemental Mem. in Supp. of Mot. *in Limine* to Determine Authenticity of Gmail Records 3 [56].

In Response, Defendant contests the authenticity of the documents the Government intends to offer into evidence. Def.'s Resp. to Government's Notice of Intent to Offer Gmail Account Records and Mot. *in Limine* to Determine Authenticity 2 [43]. Defendant also questions the completeness of the documents at issue. *Id.* at 4-5.

II. DISCUSSION

A.  Legal Standard

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'"  *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (quoting U.S. Const. amend. VI).  The Supreme Court has made clear that "the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination" when "testimonial" evidence is offered.  *Id*. at 68.  While declining "to spell out a comprehensive definition of 'testimonial[,]'" the Supreme Court has stated that business records were not historically considered testimonial.  *Id*. at 56.  The Fifth Circuit Court of Appeals has relied upon *Crawford* to conclude "business records are not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause."  *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007).

Subsequent to *Crawford* and *Morgan*, the Supreme Court decided *Melendez-Diaz v. Massachusetts*, in which the Court clarified that "[b]usiness . . . records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial."  557 U.S. 305, 324 (2009).  More recently, the Supreme Court has explained that "[a] document created solely for an 'evidentiary purpose,' . . . made in aid of a police investigation, ranks as

4

testimonial." *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2717 (2011) (citing *Melendez-Diaz*, 557 U.S. at 311).

In addition to Defendant's Sixth Amendment right to confront the witnesses against him, the fact that Defendant has contested the authenticity of the records produced by Google, Facebook, and Yahoo also bears importance. Although the Federal Rules of Evidence provide that evidence may be self-authenticating, "[i]n no instance is the opposite party foreclosed from disputing authenticity." Fed. R. Evid. 902, Advisory Committee Notes. "When a defendant questions the authenticity of evidence, the district court must 'determine whether the government has made a prima facie showing of authenticity.'" *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007) (quoting *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993)). "This prima facie showing is that there be 'substantial evidence from which [the jury] could infer that the [evidence] is authentic.'" *Id.* (quoting *United States v. Jardina*, 747 F.2d 945, 951 (5th Cir. 1984)).

B. <u>Google, Facebook, and Yahoo Records</u>

With the foregoing framework in mind, while the statements contained within the records produced by Google, Facebook, and Yahoo ("the Records") that the Government seeks to offer are statements allegedly made by or to Defendant, Defendant has contested the authenticity and completeness of those statements. In the face of Defendant's challenge to the authenticity of the Records and the burden placed upon the Government, the Court cannot conclude that the statements of a witness who is necessary to establish the authenticity of records which consist of

statements attributable to Defendant are clearly not "testimonial" statements as that term has been used in *Melendez-Diaz* and *Bullcoming*. This is especially true given the great significance placed upon Defendant's Sixth Amendment right to confront the witnesses against him. *United States v. Edwards*, 469 F.2d 1362, 1369 (5th Cir. 1972) (The Sixth Amendment "right of confrontation is too significant to be balanced against the expense of transporting an otherwise available witness to the place of trial."). While the Court makes no finding whether or not these records would be considered testimonial, under the circumstances of this case and out of an abundance of caution, the Court finds that the Government's Motions [39] [40] [41] should be denied and the Government will be required to produce witnesses at the trial of this matter to testify as to the authenticity of the records from Google, Facebook, and Yahoo.

C. <u>FedEx and UPS Records</u>

The Court finds that the Government's Notice of Intent to Offer FedEx and UPS Records and Motion *in Limine* to Confirm Authenticity [42] should be granted, and the records from FedEx and UPS should be conditionally admitted pursuant to Rule 104(b) of the Federal Rules of Evidence pending the Government's ability to establish the relevance of those records. As opposed to records allegedly reflecting statements made by a witness or statements made by or to Defendant, the authenticity of which Defendant contests, the FedEx and UPS records are business records which merely reflect shipments actually made by either FedEx or UPS. While the Government must still establish the relevance of these records, it seeks to

avoid the burden and expense of producing a records custodian at trial to establish the authenticity of the records.  Based on the certifications, the record, and relevant law, the Court finds that the FedEx and UPS records are properly authenticated and can be conditionally admitted pursuant to Rule 104(b).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Government's Notice of Intent to Offer FedEx and UPS Records and Motion *in Limine* to Confirm Authenticity [42] should be granted, but that the Government's remaining Motions [39] [40] [41] should be denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Government's Notice of Intent to Offer Gmail Account Records and Motion *in Limine* to Determine Authenticity [39] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Government's Notice of Intent to Offer Yahoo Account Records and Motion *in Limine* to Confirm Authenticity [40] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Government's Notice of Intent to Offer Facebook Records and Motion *in Limine* to Confirm Authenticity [41] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Government's Notice of Intent to Offer FedEx and UPS Records and Motion *in Limine* to Confirm Authenticity [42] is **GRANTED**, and the authenticity and conditional admissibility of those records will be deemed established.

**SO ORDERED AND ADJUDGED**, this the 25th day of November, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE