# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**RASHEED ALI MUHAMMAD**

**v.**                                                  **Civil No. 1:17-cv-23-HSO**
                                          **Criminal No. 1:14cr36-HSO-RHW-2**

**UNITED STATES OF AMERICA**

## MEMORANDUM OPINION AND ORDER DENYING [165] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [165] of Rasheed Ali Muhammad ("Muhammad") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. This Motion is fully briefed. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that the Motion is untimely and should be denied without an evidentiary hearing.

## I. FACTS AND PROCEDURAL HISTORY

A.   The Indictment and First Superseding Indictment

On April 22, 2014, a Grand Jury returned an eight-count Indictment [3] against Muhammad and co-Defendant Roslyn Demetrius Chapman ("Chapman"). Muhammad was charged in Count 1 with knowingly and willfully conspiring to possess with intent to distribute detectable amounts of certain controlled

substances and controlled substance analogues. Indictment [3] at 1. The remaining charges were against Chapman alone. *Id.* at 2-4.

After Chapman pleaded guilty to Count 1 of the Indictment, a Grand Jury returned an eight-count First Superseding Indictment [63] against Muhammad. Count 1 of the First Superseding Indictment [63] charged Muhammad with knowingly and willfully conspiring to possess with intent to distribute detectable amounts of certain controlled substances and controlled substance analogues in violation of 21 U.S.C. § 846, while Counts 2 through 8 charged Muhammad with knowingly and intentionally possessing with intent to distribute detectable amounts of specified controlled substances and controlled substance analogues in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. 1st Superseding Indictment [63] at 1-4.

B.     Muhammad's Conviction

Following a five-day jury trial, on January 9, 2015, Muhammad was found guilty of the charges in Counts 1, 3, 4, 5, 6, and 7 of the First Superseding Indictment, and was acquitted of those in Counts 2 and 8. *See* Jury Verdict [87] at 1-3. Muhammad was represented by retained counsel throughout the trial. Muhammad was sentenced on April 20, 2015, to consecutive terms of imprisonment of 240 months as to each of Counts 1, 3, 4, 5, 6, and 7 of the First Superseding Indictment. *See* Apr. 20, 2015, Minute Entry. The Court entered Judgment [108] on April 23, 2015. J. [108] at 1. Muhammad requested that the Court file a notice

of appeal on his behalf, which was done on April 23, 2015. *See* Notice of Appeal
[109] at 1.

C.     Muhammad's Appeal

On June 4, 2015, the United States Court of Appeals for the Fifth Circuit
dismissed Muhammad's appeal for want of prosecution. Order [112] at 1. On July
10, 2015, Muhammad, through retained trial counsel Michael W. Crosby ("Crosby"),
filed a Motion to Reopen Appeal, which the Fifth Circuit granted on July 16, 2015.
*See* Order [113] at 1. On August 20, 2015, the Fifth Circuit again dismissed
Muhammad's appeal for want of prosecution, specifically for failing to timely pay
the docketing fee, order transcripts, and make financial arrangements with the
court reporter. *See* Order [114] at 1.

On September 10, 2015, the Fifth Circuit Clerk's Office sent correspondence
to attorney-of-record Crosby, with a carbon copy to Muhammad, which stated in
relevant part as follows:

> We have received various copies of documents from Mr. Muhammad
> in this closed appeal which was dismissed for failure to order the
> transcript and pay the filing fee. [sic] for Mr. Muhammad. Any
> motions or other documents may only be filed on his behalf by his
> attorney of record, these documents are forwarded to you as the
> attorney of record for whatever action you deem necessary.
>
> If you determine you will no longer represent Mr. Muhammad on this
> direct criminal appeal you should file a motion to reopen the appeal,
> to withdraw as counsel and for appointment of new counsel, and a
> motion to proceed in forma pauperis with Mr. Muhammad's financial
> affidavit attached.

*United States v. Muhammad*, No. 15-60300 (5th Cir. Sept. 11, 2015).[1]

On October 8, 2015, Crosby filed a Motion to Withdraw as counsel in the Fifth Circuit. *United States v. Muhammad*, No. 15-60300 (5th Cir. Oct. 8, 2015). Crosby referenced difficulties he had purportedly experienced with obtaining *in forma pauperis* paperwork from Muhammad. According to Crosby, "[w]e have spoken with the personnel at the Fifth Circuit Court of Appeals, and we believe that by filing this motion and requesting to withdraw from the case, if the Court grants the motion, Mr. Muhammad would then be able to submit the [*in forma pauperis*] documentation himself, directly from his incarcerated location, and perhaps reopen the appeal." *Id.* at 2. According to the attached Certificate of Service, Crosby served Muhammad with his Motion. *Id.* at 4.

On October 9, 2015, the Fifth Circuit granted Crosby's Motion to Withdraw. The Fifth Circuit Clerk sent Muhammad a letter the same day which read as follows:

> We have granted your attorney's motion to withdraw as counsel from representing you on appeal. Mr. Michael Wesley Crosby is now removed from our docket as your counsel of record. We will not send further orders, correspondence, etc. to him regarding this appeal.
>
> If you choose to pursue this appeal you must remedy the default or the appeal will remain dismissed.
>
> You must file the following motions for consideration with this court as soon as possible:
> 1.     Motion to Reopen this Case
> 2.     Motion for Appointment of Counsel or

---

[1] The letter is dated September 10, 2015, but was filed of record in the Fifth Circuit docket on September 11, 2015.

3. Clearly and Unequivocally Advise You Will Proceed Pro Se
4. Motion to Proceed In Forma Pauperis
5. Completed Financial Affidavit
6. Complete the Transcript Order Form and Make Financial Arrangements with the Court Reporter(s), or
7. Motion for Transcripts at Government Expense

We enclose a transcript order form for use as necessary. If you do not need additional transcripts, please advise us within 15 days.

*United States v. Muhammad*, No. 15-60300 (5th Cir. Oct. 9, 2015).

On November 6, 2015, Muhammad filed a pro se Motion for Extension of Time. *United States v. Muhammad*, No. 15-60300 (5th Cir. Nov. 6, 2015). The Court of Appeals construed the Motion as one to reopen the appeal and denied it on November 16, 2015. *See United States v. Muhammad*, No. 15-60300 (5th Cir. Nov. 16, 2015).

On December 16, 2015, Muhammad filed a Motion to Reopen Appeal, which the Fifth Circuit treated as a motion for reconsideration and denied on January 22, 2016. *See United States v. Muhammad*, No. 15-60300 (5th Cir. Jan. 22, 2016). Seven months later, on August 22, 2016, Muhammad filed four pro se Motions [140], [141], [142], [143], in this Court – seeking leave to file late motions to reinstate appeal, for appointment of counsel, and for leave to appeal *in forma pauperis*. This Court determined that it lacked jurisdiction to entertain the Motions, and that they were more properly directed to the Court of Appeals. Order [145] at 2. The Court denied Muhammad's Motions [140], [141], [142], [143], without prejudice to his right to re-urge them before the Fifth Circuit.

On August 23, 2016, Muhammad filed a Request for Permission to File Late Motion to Reinstate Appeal in the Fifth Circuit. This Request was denied by a three-judge panel on September 6, 2016. *United States v. Muhammad*, No. 15-60300 (5th Cir. Sept. 6, 2016).

Muhammad asserts that on October 7, 2016, he then retained attorney Margaret Schmucker ("Schmucker"), Reply [174] at 2, whom Muhammad refers to as his attorney in his post-conviction proceeding, *see* Mot. [165] at 10, though he is currently proceeding pro se. According to Muhammad, Schmucker erroneously informed him that it was too late to file a § 2255 Motion. *Id.* Instead, Schmucker sought to reopen the appeal. *Id.* Muhammad asserts that at that time he in fact "still had 40 days to file such Motion" under § 2255. *Id.*

On December 28, 2016, attorney Schmucker filed an appearance form on Muhammad's behalf in the Fifth Circuit followed by a Renewed Motion to Reinstate Appeal, Motion to Proceed *In Forma Pauperis*, and Motion for Appointment of CJA Counsel. The Fifth Circuit construed the document as an "Opposed Motion for Reconsideration," and in light of the case being closed, advised Schmucker that it was taking no action on this Motion. *See United States v. Muhammad*, No. 15-60300 (5th Cir. Dec. 30, 2016). Schmucker never filed another document with the Fifth Circuit or in this Court.

D.   Muhammad's § 2255 Motion

On January 23, 2017, Muhammad filed in this Court his pro se Motion [165] to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.[2] Muhammad filed a Memorandum [173] in support of his Motion [165] on March 9, 2017.

Ground One of Muhammad's Motion [165] alleges that his appellate counsel, Crosby, was ineffective on direct appeal because "counsel was ordered to file certain documents on Petitioner's behalf.  Counsel failed to do so; therefore, the appeal was dismissed."  Mot. [165] at 4.  Muhammad contends that "Crosby failed to take the necessary or proper steps to formally separate himself from Mr. Muhammad's direct appeal proceedings."  Mem. [173] at 4.  According to Muhammad, Crosby then "compounded the problem by failing to take the necessary and proper steps to perfect Mr. Muhammad's appeal."  Id. at 4-5.  Muhammad maintains that this constituted effective abandonment on appeal which resulted in his appeal being dismissed.  Id. at 5-6.

Muhammad also charges that, once his appeal was reopened, Crosby abandoned him again in the reopened appeal.  Id. at 6.  Muhammad claims that Crosby was in possession of Muhammad's financial affidavit, but failed to file it, and that Muhammad himself could not file the documents because he was

---

[2]  Muhammad executed the Motion and placed it in the prison mailing system on January 23, 2017.  Mot. [165] at 12.  The Motion was docketed by the Clerk of Court on January 30, 2017.

represented by counsel. *Id.* at 7-8. Due to alleged abandonment in the reopened appeal, Muhammad asserts that his appeal was dismissed a second time. *Id.* at 8.

Ground Two contends that Crosby was ineffective at trial and sentencing by allegedly failing to lodge certain objections. Mot. [165] at 5. In Ground Three, Muhammad claims that, "[i]n light of the U.S. Supreme Court's decision in *McFadden v. United States* (2015), my jury instructions were erroneous." *Id.* at 6.[3] Ground Four of the § 2255 Motion asserts that Muhammad's Indictment was unconstitutionally vague and constructively amended. *Id.* at 8. Muhammad asks the Court to reopen his direct appeal or vacate his convictions. *Id.* at 12.

Attorney Crosby has filed an Affidavit [172-1] responding to Muhammad's allegations relating to ineffective assistance and abandonment on appeal. Crosby avers that Muhammad did not authorize him to prosecute his appeal, but that Crosby attempted to assist Muhammad by providing him documentation to proceed *in forma pauperis* on appeal and by having the appeal reinstated after it was initially dismissed. Aff. of Michael Crosby [172-1] at 1. Crosby also details difficulties that Muhammad had in transmitting the *in forma pauperis* documents from the Hancock County Adult Detention Center and relates that a records clerk at the Center misplaced the completed documents before she transmitted them to Crosby *Id.* at 3-4.

---

[3] *McFadden* was decided by the United States Supreme Court on June 18, 2015, *see McFadden v. United States*, 135 S. Ct. 2298 (2015), over five months after the jury returned its verdict in this case, *see* Verdict [87].

The Government has filed a Response [171] in opposition to Muhammad's §
2255 Motion, maintaining that the Motion is time-barred.  As for Muhammad's
claims that he was abandoned on appeal, the Government contends that "[i]n the
absence of some valid reason by appellate counsel [for failing to pursue the appeal],
the petitioner is entitled to have the judgment re-instated and the right to appeal
the sentence if the petition is not time barred."  Resp. [171] at 4.  If the Motion is
deemed timely, the Government disputes that Muhammad is entitled to relief under
any other ground contained in his § 2255 Motion.  *Id.*

## II. DISCUSSION

A.    The Court finds that Muhammad's § 2255 Motion is untimely.

The Government posits that Muhammad had 90 days from August 21, 2015,
in which to seek a writ of certiorari, such that the one-year statute of limitations on
his § 2255 claims began running on November 19, 2015.  Resp. [171] at 3-4.  The
Government maintains that any of Muhammad's subsequent attempts to reopen the
appeal did not extend the statute of limitations, *id.* at 4 n.1, and that Muhammad's
§ 2255 Motion is therefore time-barred, *id.* at 4.

Muhammad counters that he is eligible for equitable tolling of the statute of
limitations, Mot. [165] at 10; Reply [174] at 1-4, and that the Government created
an impediment to him filing his § 2255 Motion because "[f]rom the time of his
sentence up until July 2016, Petitioner was in various state facilities and solitary

confinement," Reply [174] at 3-4.[4] Muhammad argues that because these conditions

amounted to an impediment that hindered his ability to timely file a § 2255 motion,

under 28 U.S.C. § 2255(f)(2) he had one year from the day the Government-created

impediment was removed to file his § 2255 Motion. *Id.* (citing *Egerton v. Cockrell*,

334 F.3d 433 (5th Cir. 2003)).

1.    Section 2255(f) Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

imposes a one-year limitation period for a federal prisoner to file a § 2255 motion."

*United States v. Pierce*, 489 F. App'x 767, 768 (5th Cir. 2012) (citing 28 U.S.C. §

2255(f)). "Untimeliness under the AEDPA is not a jurisdictional defect; however, it

is an affirmative defense . . . ." *Id.* (citing *Day v. McDonough*, 547 U.S. 198, 205,

210 n.11 (2006)).

28 U.S.C. § 2255(f) provides that

(f)    A 1-year period of limitation shall apply to a motion under this
       section. The limitation period shall run from the latest of--
       (1)    the date on which the judgment of conviction becomes
              final;
       (2)    the date on which the impediment to making a motion
              created by governmental action in violation of the
              Constitution or laws of the United States is removed, if
              the movant was prevented from making a motion by such
              governmental action;
       (3)    the date on which the right asserted was initially
              recognized by the Supreme Court, if that right has been

---

[4]  The record belies Muhammad's assertion that an impediment to filing a § 2255 Motion
existed from the date of sentencing on April 20, 2015, until July or August 2016.  Whatever
alleged impediment existed, during this period Muhammad was nevertheless able to make
pro se filings in the Fifth Circuit related to his direct appeal, including on November 6,
2015, and December 16, 2015.  *See United States v. Muhammad*, No. 15-60300 (5th Cir.).

-10-

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Fifth Circuit has held that

> when a federal defendant files a timely notice of appeal, and that appeal is dismissed for want of prosecution, a conviction becomes final upon the expiration of the time for seeking certiorari, even when the prisoner has *not* filed such a petition.

*United States v. Franks*, 397 F. App'x 95, 98 (5th Cir. 2010) (emphasis in original). "A § 2255 motion is thereby deemed timely, so long as '[i]t was filed within a year after the ninety-day period for seeking certiorari review of his conviction as finalized in this court.'" *Id.* at 98-99 (quoting *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000)).

Muhammad's appeal was finally dismissed on August 20, 2015. Without any consideration of Muhammad's subsequent attempts to reopen the appeal, the § 2255(f) statute of limitations would have run one year and 90 days later, on November 18, 2016. This would make Muhammad's January 23, 2017, Motion untimely, absent any tolling. The first question then is whether any of Muhammad's requests to reopen the appeal after August 20, 2015, tolled the § 2255(f) limitations period or altered the finality date of his judgment of conviction.

2. <u>Requests to Reinstate Appeal</u>

The Government argues that "Petitioner's myriad attempts to re-open the appeal do not extend the statute of limitations." Resp. [171] at 4 n.1 (citing *Benavides v. United States*, No. 9:09CV104, 2010 WL 998980, *3 (E.D. Tex. Jan. 19, 2010), *report and recommendation adopted*, No. 9:04CR42, 2010 WL 999180 (E.D. Tex. Mar. 12, 2010)). *Benavides* held that "[t]he filing of a motion to reinstate an appeal, over a year after the appeal has been determined, which motion to reinstate is denied, does not re-set the date of finality of the underlying conviction." *Benavides*, 2010 WL 998980, at *3 (citing *Pena v. United States*, No. 05-137, 2009 WL 196110 (D.R.I. Jan. 23, 2009); *United States v. Black*, No. 3:04cv547, 2006 WL 2547339 (M.D. Ala. Aug. 31, 2006)).

The Court finds this reasoning persuasive. Muhammad cannot indefinitely postpone the commencement of the statute of limitations pursuant to 28 U.S.C. § 2255(f)(1) by repeatedly filing motions to reopen his appeal. Nor has Muhammad cited any legal authority to support such a proposition. Despite Muhammad's filing of such Motions before the Fifth Circuit, his conviction became final for purposes of § 2255(f)(1) on November 18, 2015, more than one year before he executed his § 2255 Motion on January 23, 2017. *See* 28 U.S.C. § 2255(f)(1).

3. <u>Application of 28 U.S.C. § 2255(f)(2)</u>

Muhammad asserts that he was subjected to a Government-created impediment which precluded him from filing a § 2255 motion, from the time of his sentencing until July 2016, Reply [174] at 3-4, or at the latest August 23, 2016,

*id.* at 2, which was five months prior to the filing date of his § 2255 Motion on January 23, 2017. According to Muhammad, during this period "[h]e was constantly being moved from one jail to another" and "did not have access to federal law or necessary documents to investigate and prepare issues for a 28 U.S.C. § 2255 motion." *Id.* at 4. Muhammad contends that no one had informed him about the AEDPA, and that "[t]hese conditions amounted to an impediment that hindered his ability to timely file a 2255 motion." *Id.* (citing *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003)). However, by his own admission, these impediments were removed by July 2016, *see* Reply [174] at 3-4, or at the latest on August 23, 2016, when he was transferred to federal prison and given access to federal law, *id.* at 2, with nearly three months remaining before the statute of limitations expired on November 18, 2016.

Of relevance here, the one-year statute of limitations period of 28 U.S.C. § 2255(f) runs from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, *if the movant was prevented from making a motion by such governmental action*." 28 U.S.C. § 2255(f)(2) (emphasis added). If § 2255(f)(2) applies, Muhammad reasons that there was a government-created impediment to his filing of a § 2255 motion until August 23, 2016, such that the one-year statute of limitations did not begin to run until that date. Under that scenario, the statute of limitations would not have expired until August 23, 2017, and Muhammad's January 23, 2017, Motion [165] would be deemed timely.

Muhammad's argument, however, ignores the last phrase of the statutory provision, which plainly limits application of 28 U.S.C. § 2255(f)(2) to circumstances where "the movant was prevented from making a motion by such governmental action" which created the impediment. 28 U.S.C. § 2255(f)(2). That is, a movant must show that the government-created impediment actually prevented him from filing a § 2255 motion in violation of the Constitution or federal law. *See id.*[5]

In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), upon which Muhammad relies, the Fifth Circuit considered 28 U.S.C. § 2244(d)(1)(B) which governs federal habeas corpus petitions by state prisoners, and which closely tracks the language of § 2255(f)(2). *Egerton* held that in order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Egerton*, 334 F.3d at 436.

*Egerton* found that a state's failure to make available to a prisoner "*prior to the expiration of limitations," id.* at 438 (emphasis added), a copy of the AEDPA, "which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations," constituted an impediment for purposes of invoking the statute, *id*. The Fifth Circuit concluded that the limitations period did not begin to run until the date when the petitioner was transferred to a facility

---

[5] *See also, e.g., Madden v. Thaler*, 521 F. App'x 316, 322 (5th Cir. 2013) (considering a § 2254 petition and holding that because petitioner had "failed to show that he was actually 'prevented' from filing a timely federal petition, he ha[d] not shown that the state set forth an impediment preventing him from filing a timely § 2254 petition," such that statutory tolling did not apply).

where a copy of the AEDPA was available. *Id.* at 439. However, in *Egerton*, the statute of limitations had already expired before the impediment was removed. Egerton was thus in fact prevented from filing a timely petition, satisfying the last phrase of § 2244(d)(1)(B).

In this case, Muhammad has not made sufficient allegations to support a finding that he was prevented from filing a timely § 2255 motion due to a government-created impediment. Muhammad alleges that he was detained in the Hancock County Adult Detention Center after sentencing, and that he was placed on lockdown during that time. Mem. [173] at 6; *see also United States v. Muhammad*, No. 15-60300, at 31 (5th Cir. July 10, 2015) (Affidavit of Ethel Gladney of the Hancock County Adult Detention Facility attached as Exhibit "F" to Motion to Reopen Appeal, averring that Muhammad was on "administrative lockdown, which takes away his privileges" after sentencing); Aff. of Michael Crosby [172-1] at 3 (stating that Muhammad was detained in lockdown after sentencing). According to Muhammad, when his appeal was dismissed the second time on August 20, 2015, he was "incarcerated in a State prison in Connecticut, which provided him no access to a law library or federal law." Reply [174] at 2. Muhammad avers that he was transferred to a federal prison on August 23, 2016, and was given access to federal law that same month. *Id.*

Unlike the present case, in *Egerton* the one-year limitations period expired before a copy of the AEDPA was available to the petitioner, such that this impediment actually prevented the petitioner from filing a timely motion within the

one-year limitations period.  Here, even if the Court credits all of Muhammad's factual allegations, the alleged government-created impediment to filing was removed, at the latest, on or about August 23, 2016.  At that time, Muhammad still had nearly three months to file a timely § 2255 Motion, but failed to do so.  Instead, Muhammad waited until over two months beyond the deadline to file the instant Motion.  Muhammad has not alleged, nor does the record show, that he was denied access to AEDPA or that he lacked knowledge of its one-year statute of limitations period throughout the entire limitations period.

In fact, Muhammad alleges that on October 7, 2016, he obtained private post-conviction counsel who could have timely filed a § 2255 Motion on his behalf, although counsel allegedly erroneously advised Muhammad that the time for him to file a § 2255 had already passed.  *See* Reply [174] at 2.

Muhammad has failed to show that any government-created impediment actually prevented him from filing his § 2255 Motion throughout the entire limitations period.  *See Egerton*, 334 F.3d at 436; *see also Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) (holding that petitioner had not shown that the State's failure to notify him of the State Supreme Court's writ denial played any role in his failure to timely file a § 2254 petition since the petitioner's counsel mailed him the notice within weeks of the denial and before § 2244(d)(1)(A)'s one-year limitations period expired).  By Muhammad's own admission, any alleged government-created impediment was removed prior to the expiration of the limitations period, and his ignorance of the law or the erroneous advice of his newly-retained counsel does not

constitute a government-created impediment.  *See Madden v. Thaler*, 521 F. App'x 316, 322 (5th Cir. 2013); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011). Based upon the facts of this case as alleged by Muhammad, 28 U.S.C. § 2255(f)(2) is inapplicable.

       4.    <u>Equitable Tolling</u>

"The one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).  Equitable tolling requires that a petitioner show:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (citing *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)).  Equitable tolling "is permitted only in 'rare and exceptional circumstances.'"  *Id.* (quoting *Petty*, 530 F.3d at 364).

"[T]he Supreme Court has recognized that attorney abandonment may result in equitable tolling" under circumstances when the conduct "cross[es] the line between 'garden variety' neglect and attorney abandonment." *United States v. Wheaten*, 826 F.3d 843, 852 (5th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)).  A "garden variety" claim of excusable neglect includes a simple miscalculation that leads a lawyer to miss a filing deadline and does not warrant equitable tolling.  *Id.*

Equity requires the AEDPA's one-year limitations period "be tolled as a result of 'professional [legal] conduct that . . . amount[s] to egregious behavior and

create[s] an extraordinary circumstance.'" *Hailey v. Stephens*, 532 F. App'x 571, 572 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 651). The Supreme Court has recognized that attorney abandonment may warrant equitable tolling where the movant's attorney "did not in fact represent the movant in any capacity whatsoever during the movant's period for filing an appeal, even though the attorney failed to file a motion to withdraw." *Wheaten*, 826 F.3d at 852 (citing *Maples v. Thomas*, 565 U.S. 266, 132 S.Ct. 912, 923-24 (2012)).

In this case, the record does not support the conclusion that appellate counsel failed to represent the movant in any capacity whatsoever throughout the pendency of his appeal. Crosby did have Muhammad's dismissed appeal reinstated, and he attempted to assist Muhammad in obtaining paperwork for filing a motion to proceed *in forma pauperis*. Moreover, appellate counsel followed the instructions of the Court of Appeals and filed his motion to withdraw as attorney on October 8, 2015, which was granted by the Fifth Circuit on October 9, 2015, more than a year before Muhammad's § 2255 Motion was due. As for the purported erroneous advice given by retained post-conviction counsel Schmucker, garden variety negligence claims, such as the miscalculation of a deadline, do not warrant equitable tolling. *See Wheaten*, 826 F.3d at 852.

Construing all facts in Muhammad's favor, any alleged attorney abandonment on appeal did not amount to egregious behavior or create an extraordinary circumstance justifying equitable tolling. Any such abandonment did not prevent Muhammad, in some extraordinary way, from timely asserting his

rights.  *See id.* at 851.  Muhammad has not shown that he is entitled to equitable

tolling, and therefore his § 2255 Motion is not timely.

B.      <u>Muhammad has not made, nor does the record support, a claim of actual</u>
        <u>innocence.</u>

        Under certain circumstances, a convincing showing of actual innocence may

enable habeas petitioners to overcome a procedural bar, including the AEDPA's

statute of limitations, to consideration of the merits of their constitutional claims.

*See McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1936 (2013).  According to

the Supreme Court, "[t]he gateway should open only when a petition presents

'evidence of innocence so strong that a court cannot have confidence in the outcome

of the trial unless the court is also satisfied that the trial was free of nonharmless

constitutional error.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

        "It is important to note in this regard that 'actual innocence' means factual

innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623

(1998).  To establish actual innocence, a petitioner must demonstrate that, in light

of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.  *Id.* (citing *Schlup*, 513 U.S. at 327-328).

        In this case, Muhammad has not made a colorable showing of actual

innocence.  The § 2255 Motion does not present any evidence of innocence sufficient

to meet the demanding *Schlup* standard.  *See McQuiggin*, 133 S. Ct. at 1936.

Morever, based upon the overwhelming evidence of guilt presented at trial, the

Court cannot say that Muhammad has demonstrated that it is more likely than not that no reasonable juror would have convicted him.

Instead of arguing or presenting any evidence of actual innocence, Muhammad's § 2255 Motion focuses instead upon the alleged legal insufficiency of the jury instructions. Muhammad argues that *McFadden v. United States*, 135 S. Ct. 2298 (2015),[6] requires reversal and remand of most, if not all, of his convictions because the jury was purportedly improperly instructed as to the requisite level of scienter for the crimes charged. *See* Mem. [173] at 9-10.

28 U.S.C. § 2255(f)(3) permits the one-year period of limitations to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). *McFadden* was decided on June 18, 2015, over a year and a half before Muhammad filed his § 2255 Motion [165] on January 23, 2017. Muhammad did not file his § 2255 Motion within one year of the date on which the Supreme Court issued *McFadden*. Moreover, *McFadden* came to the Supreme Court on a direct appeal, and has not been made retroactively applicable to cases on collateral review. *See,*

---

[6] *McFadden* held that the Controlled Substances Act ("CSA"), 21 U.S.C. § 841(a)(1), requires the Government to establish that the defendant knew that he was dealing with a "controlled substance." *McFadden*, 135 S.Ct. at 2302. When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), even if the defendant did not know its identity. *Id.* According to the Supreme Court, the knowledge requirement is also met if the defendant knew the specific features of the substance that make it a "controlled substance analogue." *Id.* (citing 28 U.S.C. § 802(32)(A)).

*e.g., Aburokbeh v. United States,* No. 17-3084, 2017 WL 3397435, at *2 (6th Cir. July 10, 2017) (recognizing that the Supreme Court has not held that *McFadden* is retroactive to cases on collateral review).  Therefore, 28 U.S.C. § 2255(f)(3) does not render Muhammad's Motion timely.

### III.  CONCLUSION

Because the Motion, files, and records conclusively show that Muhammad is entitled to no relief, the Court finds that Muhammad's Motion [165] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [165] of Rasheed Ali Muhammad to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 16th day of January, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE